■ In the Matter of SIDNEY LUKIN, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants. [694 NYS2d 63] —Order and judgment (one paper), Supreme Court (Harold Tompkins, J.), entered on or about June 17, 1998, which granted this CPLR article 78 petition and annulled the order of respondent dated December 10, 1996 in its entirety, and vacated a rent overcharge award to the subject tenant, unanimously modified, on the law and the facts, to the extent of reinstating the award insofar as it assessed overcharges and froze tenant's rent through January 4, 1985, and remanding this matter to the New York State Division of Housing and Community Renewal (DHCR) for a determination as to whether, when consideration is given to the lawful increases that petitioner is entitled to subsequent to January 4, 1985, there are any additional overcharges subsequent to that date, and otherwise affirmed, without costs.

Under the circumstances presented, we conclude that the DHCR's extraordinary delay in rendering a decision in this matter was unreasonable and substantially prejudiced petitioner (landlord) to the extent that it froze tenant's rent beyond January 4, 1985 (cf., Matter of Harris & Assocs. v deLeon, 84 NY2d 698, 702). While the DHCR seeks to place fault for the delay in this more than a decade long proceeding upon landlord, the record fails to substantiate its claim. There was no causal connection between the DHCR's delay in rendering a decision and landlord's conduct. Accordingly, the matter should be remanded to the DHCR so that it may recalculate the

overcharges. On remand, the DHCR shall determine the lawful increases that landlord was entitled to after January 4, 1985, and determine whether any amounts were collected in excess of such lawful increases. Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.